# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-025-DCK

| | |
|---|---|
| ROBERT JOHN HASSELWANDER, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>**Acting Commissioner of Social Security,** )<br>)<br>**Defendant.** )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P." (Document No. 12) and the "Commissioner's Motion For Summary Judgment" (Document No. 16). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, applicable authority, and oral arguments, the undersigned will direct that Plaintiff's "Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P." (Document No. 12) be denied; that "Commissioner's Motion For Summary Judgment" (Document No. 16) be granted; and that the Commissioner's decision be affirmed.

## I.    BACKGROUND

Plaintiff, Robert John Hasselwander ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about November 6, 2013, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning January 1, 2008. (Transcript

of the Record of Proceedings ("Tr.") 10, 194). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on May 20, 2014, and again after reconsideration on or about July 30, 2014. (Tr. 10, 128, 137). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> We did not obtain any additional information because this evidence permits us to fully evaluate the condition. On your application you stated that you were disabled because of PTSD, anxiety, delusional disorder, hypermania. **In order to get benefits, disability had to be established on or before 12/31/2013** because insurance coverage ended on that date. The medical evidence shows that your condition is not severe enough **prior to the end of your insured period to be considered disabling**.
> Your mental condition was not severe enough prior to the end of your insured period to be considered disabling.
> You were able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> The evidence does not show a condition that would prevent most work-related activities. Therefore, based on all of the medical and non-medical evidence, we have decided that you were not disabled on or before coverage ended according to the Social Security Act.

(Tr. 137) (emphasis added).

Plaintiff filed a timely written request for a hearing on August 13, 2014. (Tr. 10, 145). On May 26, 2016, Plaintiff appeared and testified at a hearing before Administrative Law Judge Valorie Stefanelli (the "ALJ"). (Tr. 10, 42-79). In addition, Melissa Brinson, a vocational expert ("VE"), and Debra Hasselwander, Plaintiff's wife, appeared at the hearing, as well as David Lund, Plaintiff's attorney. (Tr. 10, 42, 44). The ALJ noted that Plaintiff sought to amend his alleged onset date to November 11, 2009, but the ALJ determined that changing the date would not affect the outcome of the decision. (Tr. 10); see also (Tr. 46).

2

The ALJ issued an unfavorable decision on August 30, 2016, denying Plaintiff's claim. (Tr. 7-9, 10-36). On October 18, 2016, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on December 6, 2016. (Tr. 1-3, 6). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking reversal or remand of the ALJ's determination was filed in this Court on January 18, 2017. (Document No. 1). On May 2, 2017, the parties consented to Magistrate Judge jurisdiction in this matter. (Document No. 11).

Plaintiff's "Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P." (Document No. 12) and "Memorandum Of Law In Support Of Plaintiff's Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P." (Document No. 13) were filed June 8, 2017; and the "Commissioner's Motion For Summary Judgment" (Document No. 16) and "Memorandum In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 17) were filed August 22, 2017.[1] Plaintiff declined to file a reply brief, and the time to do so has lapsed. See Local Rule 7.2 (e).

On February 7, 2018, the undersigned scheduled this matter for a hearing on March 8, 2018, and directed the parties to make a good faith attempt to resolve or narrow the issues. (Document No. 18). The parties filed a "Joint Notice" (Document No. 20) on March 1, 2018, that their attempt to resolve or narrow the issues had failed.

The undersigned held a hearing in this matter on March 8, 2018, allowing the parties one more opportunity to present their arguments. The pending motions are now ripe for disposition.

---

[1] Plaintiff's "Memorandum Of Law…" is not organized as directed by Local Rule 7.2 (b).

3

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.     DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between January 1, 2008, and the date last insured of December 31, 2013.[2]  (Tr. 10).  To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act.  <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled.  20 C.F.R. § 404.1520(a).  The five steps are:

>   (1)   whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
>   (2)   whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
>   (3)   whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
>   (4)   whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled;  and
>
>   (5)   whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

---

[2] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  <u>Pass v. Chater</u>, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 35-36).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity between January 1, 2008 and his date last insured. (Tr. 12). At the second step, the ALJ found that "hypertension, diabetes, degenerative disk disease of the cervical spine and status post fusion, obesity, mood disorder, and post-traumatic stress disorder" were severe impairments.[3] Id. At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 15-18).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform medium work activity, with the following limitations:

> he is restricted from any exposure to crowds, and any requirement to interact with the public in his job duties; he is restricted to only casual, non-intense interactions with others on the job; and he is restricted from any concentrated exposure to hazards such as unprotected heights or dangerous equipment.

(Tr. 18). In making this finding, the ALJ stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work as a long haul truck driver and a protective officer. (Tr. 34). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 35). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included industrial cleaner, partition installer, and hand packager. (Tr. 35, 76-78). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between January 1, 2008, and the date last insured, December 31, 2013. (Tr. 36).

Plaintiff on appeal to this Court alleges that: (1) the ALJ erred in finding a residual functional capacity to perform a reduced range of medium work; and 2) the ALJ erred by failing to give adequate weight to Plaintiff's VA disability rating. (Document No. 13, p.3). The undersigned will discuss each of these contentions in turn.

**A.     RFC**

In the first assignment of error, Plaintiff argues that the ALJ erred in finding that he has the RFC to perform a reduced range of medium work. (Document No. 13, pp.5-9). Plaintiff's primary arguments are that he is "unable to work due to chronic severe psychiatric symptoms" and that the ALJ failed to "sufficiently account for the limitations expressed in the non-examining physician opinions." (Document No. 13, pp.6, 9). At the hearing, Plaintiff's counsel again stressed that PTSD was Plaintiff's primary impairment and suggested that the RFC did not adequately account for Plaintiff's difficulties.

In response, Defendant first notes that Plaintiff does not make an argument related to the physical demands of medium work, but focuses on mental impairments. (Document No. 17, pp.5-

6). Regarding Plaintiff's mental impairments, Defendant contends that the "ALJ explained these limitations in a very extensive and detailed analysis of the record." (Document No. 17, p.6). Defendant goes on to describe the ALJ's analysis and observes the following:

> In summation (Tr. 32), the ALJ noted that she was confident that as long as Mr. Hasselwander remains medically compliant and continues with consistent and professional mental health treatment, he could work in an environment that kept him from, as indicated in the ALJ's RFC finding: any exposure to crowds, and any requirement to interact with the public in his job duties; to only casual, non-intense interactions with others on the job; and from any concentrated exposure to hazards such as unprotected heights or dangerous equipment.
>
> Under the law, if "a symptom can be reasonably controlled by medication or treatment, it is not disabling." *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986); *see also* 20 C.F.R. § 404.1530 ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work."). Thus, a finding based on substantial evidence that suggests Mr. Hasselwander was able to work if he remains compliant with medication, is a finding that is legally supported. Here, Mr. Hasselwander showed immediate improvement with medication each time he was compliant. Almost immediately after he started treatment and medication on May 1, 2012, he had significant improvement as indicated by the May 24, 2012 consultative examination and subsequent examination records. Follow-up treatment records also indicated significant improvement as long as he stayed on his medication, and as the record continues - on Mr. Hasselwander became more compliant with medication - he seemed quite "work ready," even if he still had PTSD symptoms. Mr. Hasselwander cites to considerable evidence of paranoia, anxiety, etc. (Pl. Memorandum at 7), but that ignores the change he had when compliant with medication. Furthermore, the ALJ did not suggest that Mr. Hasselwander's PTSD just went away, but only indicated that, under the conditions of the RFC, the record supports that he could maintain work.

(Document No. 17, pp.9-10). Defendant also notes that the ALJ did address Plaintiff's ability to concentrate and determined he only had a mild impairment – which does not create a presumption

of a limitation that needs to be addressed by the RFC. (Document No. 17, p.10). See also (Tr. 17, 34).

Defendant notes that although Plaintiff has a significant impairments, including particular difficulty in social situation, there was also evidence that he regularly attended church, went to a bar, and was playing in a band. See (Tr. 31). Moreover, when Plaintiff is compliant with his medication, he is better. Defendant persuasively concludes that the ALJ included appropriate limitations in the RFC to address Plaintiff's mental impairments.

The undersigned agrees that the ALJ provided "a very extensive and detailed analysis of the record," and that substantial evidence supports the ALJ's RFC determination.

**B.  VA Disability**

Next, Plaintiff challenges that the ALJ failed to accord adequate weight to Plaintiff's Veterans' Administration ("VA") disability rating of 100%. (Document No. 13, p.10) (citing Bird v. Commissioner of SSA, 669 F.3d 337, 345 (4th Cir. 2012)). Plaintiff notes that the ALJ may only give less than substantial weight to a VA disability determination if the record "clearly demonstrates that such a deviation is appropriate." Id. Plaintiff contends that ALJ Stefanelli erred by only according "some" weight to the VA disability rating and failing to show that the record clearly demonstrates that a deviation from substantial weight is appropriate, as required by Bird. (Document No. 13, p.11).

In response, Defendant argues that the ALJ fully complied with Bird, and offered pages of reasons for not according more weight to the VA's determination. (Document No. 17, p.12). Defendant notes that most of the decision was based on the VA's records. (Document No. 17, p.13). Moreover, Defendant notes that those VA records fail to mention how Plaintiff's condition improved with treatment. Id. Defendant concludes that

9

> In short, the ALJ gave significant rationale for the weight [s]he gave the VA rating. The ALJ relied extensively on the same medical records the VA used, including those VA physician statements about Mr. Hasselwander's condition. It just appears the VA was only interested in the very severe diagnosis, but the ALJ, as required by law, was interested in Mr. Hasselwander's condition with treatment.

(Document No. 17, p.14).

The undersigned finds Defendant's argument persuasive. In addition, excerpts from the ALJ's decision offer further illustration of the thoroughness of the ALJ's work, including citing Bird.

> As discussed previously, the VA treatment notes clearly demonstrate that since the claimant has been receiving appropriate treatment, his mental functioning has improved. Not [only] did his GAF scores continued to rise prior to his date last insured, but the range and variety of activities he is engaging in have increased, even without his participation in recommended individual psychotherapy and group therapy. However, as noted previously, the VA disability rating reflects that agency's application of its own rules, and these rules differ significantly from SSA standards. Because the effective date of coverage for a claimant's disability under the two programs likely will vary, the Administrative Law Judge may give less weight to a VA disability rating when the record before the Administrative Law Judge clearly demonstrates that such a deviation is appropriate. Bird v. Commissioner of SSA (Fourth Cir. 2012 No. 11-1645).
>
> Finally, as noted previously, a VA disability rating is not a medical opinion that SSA adjudicators must evaluate under 20 CPR 404.1527 and 416.927. Disability decisions by any other governmental agency, such as the VA, are not binding on SSA. . . . In this particular case, the Administrative Law Judge does not find the VA's finding that the claimant is "disabled" to be wholly supported by the record, when evaluated in light of the requirements of SSA regulations.
> In reaching this decision, the Administrative Law Judge has given the greatest weight to the objective medical evidence in the record, which demonstrates that although the claimant faces some significant difficulties as a result of his impairment, he remains capable of performing work-related activities in a competitive employment environment on a sustained basis, with the appropriate limitations to allow for his difficulties, as outlined in the above RFC.

(Tr. 33-34).

Finally, the undersigned notes that this Court recently found for the Commissioner under similar circumstances where the VA had determined that a claimant was 100% disabled, but an ALJ conducted a thorough analysis of the medical record and substantial evidence supported the ALJ's decision to give the VA's determination less than substantial weight and find that the claimant was not disabled. Harrold v. Berryhill, 5:16-CV-221-FDW-DCK (Document No. 13, pp.7-9 (W.D.N.C. Feb. 13, 2018) adopted by Harrold v. Berryhill, 5:16-CV-221-FDW-DCK 2018 WL 1161395 (W.D.N.C. Mar. 5, 2018).

Based on the foregoing, the undersigned finds that the ALJ gave appropriate weight to the VA's disability determination.

## IV.     CONCLUSION

The Court sincerely appreciates the hearing preparation and oral advocacy of counsel for both parties. The arguments on March 8, 2018, helped narrow the issues and assisted the undersigned's determination. After reviewing the parties' papers and considering the oral arguments at the motions hearing, the undersigned is persuaded that the ALJ's decision is supported by substantial evidence and applied the correct legal standards. Contrary to Plaintiff's arguments, the undersigned finds that the ALJ's twenty-six (26) page decision provides a thorough analysis of Plaintiff's conditions and limitations, and explains why she found Plaintiff was not disabled.

In short, the undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

**IT IS, THEREFORE, ORDERED** that: Plaintiff's "Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P." (Document No. 12) is **DENIED**; the "Commissioner's Motion For Summary Judgment" (Document No. 16) is **GRANTED**; and the Commissioner's determination is **AFFIRMED**.

**SO ORDERED**.

Signed: March 8, 2018

David C. Keesler
United States Magistrate Judge